980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James BEASLEY, Defendant-Appellant.
 No. 92-5222.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Beasley appeals his conviction and sentence following a guilty plea to conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. Beasley contends that his plea was involuntary and that he should be able to plead again or proceed to trial. In addition, he argues that he was not covered by the Sentencing Guidelines and he should be resentenced under the law preceding the Guidelines.
 
 
 2
 Until his arrest, Beasley was employed as plant manager of Mid-South Business Cards in Jackson, Tennessee. He was born in 1945 and had no prior criminal history. He did, however, admit to some past personal use of cocaine and marijuana.
 
 
 3
 On December 3, 1990, a federal grand jury indicted Beasley under the third count of a five-count indictment. That count charged that he and six others conspired to distribute cocaine and marijuana from 1985 until 1989. Beasley allegedly obtained 1,800 to 2,000 pounds of marijuana for redistribution from codefendant Mark Pollio. After his arrest, Beasley was released on a $50,000 bond and certain pretrial release conditions.
 
 
 4
 On July 16, 1991, the government filed a motion to revoke Beasley's bond, and the district court held a hearing on July 18, 1991 to hear that motion. The district court revoked Beasley's bond and ordered him detained pending trial. The district court found that Beasley had violated one of the terms of his bond and had attempted to influence the testimony of witness William Lannie Bass. Beasley was also found to have attempted to influence the testimony of Cynthia Thompson.
 
 
 5
 On October 2, 1991, Beasley entered a plea of guilty to the third count of the indictment. As a part of the plea agreement, Beasley agreed to and did forfeit $60,000. In return, the government agreed not to prosecute Beasley or his wife for any tax violations that occurred between 1983 and 1989.
 
 
 6
 The probation office prepared a presentence report. The government and Beasley filed position papers regarding the presentence report. Beasley argued that he had withdrawn from the conspiracy prior to November 1, 1987, therefore, he should not be sentenced under the Sentencing Guidelines. In addition, Beasley objected to an upward adjustment pursuant to Sentencing Guidelines § 3C1.1 for obstruction of justice related to attempts to influence witness testimony. Beasley also objected to the probation office's failure to provide him a downward adjustment for acceptance of responsibility pursuant to Sentencing Guidelines § 3E1.1.
 
 
 7
 On January 27, 1992, Beasley was sentenced to serve ten years and ten months to be followed by five years of supervised release. Beasley filed a timely notice of appeal on February 7, 1992.
 
 
 8
 Beasley advances two arguments on appeal. First, Beasley contends that the district court erred in accepting the guilty plea for several reasons. A question as to Beasley's competence to enter the plea was present because he was taking Xanax medication to treat anxiety. As a result, Beasley claims that he did not understand the nature of the charge and its consequence. In addition, according to Beasley, an incomplete and inaccurate factual basis existed for the plea in violation of F.R.Crim.P. 11(f). Beasley contends that the district court did not adequately determine that a sufficient factual basis existed to establish that Beasley agreed with two or more people to commit a drug offense, that he knew about the conspiracy, or that he had the required intent to participate in the illegal activity. Beasley also asserts that the plea was involuntary because the government's promise not to prosecute him or his wife for tax violations was, in effect, a threat made in bad faith that coerced his guilty plea. This action violated F.R.Crim.P. 11(d), according to Beasley.
 
 
 9
 Beasley's second argument is that the district court erred in finding that Beasley's conspiratorial conduct continued after November 1, 1987. Consequently, according to Beasley, the Sentencing Guidelines should not have been applied to this case.
 
 
 10
 In response to both of Beasley's points, the United States maintains that there was a sufficient factual basis for the guilty plea and that the district court adequately explored Beasley's use of medicine and properly determined that Beasley comprehended the nature of the conspiracy charges and their consequences and pled voluntarily. In addition, the government contends that the district court correctly found that Beasley failed to meet his burden of establishing effective withdrawal from the conspiracy prior to November 1, 1987.
 
 
 11
 After a review of the transcript of the sentencing hearing the district court did not err by not ordering a competency evaluation sua sponte. Because Beasley, his wife, and his lawyer indicated to the district court that Beasley was competent, there was no reasonable cause to believe that Beasley was incompetent. The district court is generally in the best position to determine the need for a competency hearing. Chichakly v. United States, 926 F.2d 624, 631-35 (7th Cir.1991). From the record, based on his testimony before the court on three occasions, Beasley demonstrated competence. During the sentencing hearings, however, Beasley raised his claims of incompetence. The district court did not err to dismiss these assertions based on prior behavior.
 
 
 12
 The sentence also was appropriate because Beasley failed to show that he withdrew from the conspiracy prior to November 1, 1987. Sentencing under the Sentencing Guidelines is appropriate in the case of a conspiracy that began before the Sentencing Guidelines' effective date, November 1, 1987, and continued after the effective date. United States v. Chambers, 944 F.2d 1253, 1259 (6th Cir.1991). The only method by which a defendant may avoid being sentenced under the guidelines is to show that he or she withdrew from the conspiracy prior to November 1, 1987. Id. To establish withdrawal, a defendant must present evidence of an affirmative act of withdrawal, such as confession to authorities or communication to his co-conspirators that he abandoned the goals of the conspiracy. Chambers at 1265. In this case, based on the testimony of Richard Usery, the district court concluded that Beasley either never withdrew or that he re-entered the conspiracy after his attempted withdrawals. The district court finding regarding the dates of Beasley's involvement in the conspiracy on this record are not clearly erroneous.
 
 
 13
 The judgment of the district court is affirmed.